1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CANDACE HAMILTON,                        No.  2:12-cv-2277 DAD

12              Plaintiff,

13         v.                                  <u>ORDER</u>

14    CAROLYN W. COLVIN, Commissioner
      of Social Security,

15

16              Defendant.

17

18          This social security action was submitted to the court without oral argument for ruling on

19    plaintiff's request for voluntary remand and defendant's motion for summary judgment.  For the

20    reasons explained below, plaintiff's request for voluntary remand is denied, defendant's motion

21    for summary judgment is granted, and the decision of the Commissioner of Social Security

22    (Commissioner) is affirmed.

23                             PROCEDURAL BACKGROUND

24          On February 3, 2009, plaintiff filed an application for Widow's Insurance Benefits

25    pursuant to Title II of the Social Security Act ("the Act"), alleging disability beginning on April

26    30, 2003.  (Transcript ("Tr.") at 158-59.)  Plaintiff's application was denied initially, (<u>id.</u> at 113-

27    16), and upon reconsideration.  (<u>Id.</u> at 123-27.)  Plaintiff requested an administrative hearing and

28    a hearing was held before an Administrative Law Judge ("ALJ") on December 15, 2010.  (<u>Id.</u> at

                                             1

27-83.)  Plaintiff was, at that time, represented by attorney Jesse Kaplan and testified at the administrative hearing.  (Id. at 25-26.)

In a decision issued on April 25, 2011, the ALJ found that plaintiff was disabled as of February 1, 2009.  (Id. at 24.)  At the outset of that decision the ALJ noted that plaintiff had "amended the alleged onset date of disability to February 1, 2009."  (Id. at 19.)  On June 29, 2011, plaintiff, now represented by attorney John Sargetis, filed a request for review of the ALJ's April 25, 2011 decision, arguing that the ALJ's award of benefits to plaintiff should have been retroactive to February 2007, not February 1, 2009.  (Id. at 13.)

On June 28, 2012, the Appeals Council denied plaintiff's request for review of the ALJ's April 25, 2011 decision.  (Id. at 1-3.)  Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on September 4, 2012.[1]

## ANALYSIS

The only issued raised by plaintiff's request for voluntary remand (Dkt. No. 18), and amended request for voluntary remand (Dkt. No. 20), is whether this case should be remanded for further administrative consideration of "new evidence outside the evidentiary record."  (Pl.'s Mot. Rem. (Dkt. No. 18) at 1.[2])  "As a preface," plaintiff disputes the ALJ's finding that plaintiff amended the alleged onset date of her disability to February 1, 2009, arguing simply, "that is not true . . . ."  (Id. at 2.)

The administrative record, however, contains an April 19, 2011 letter from attorney Jesse Kaplan, who was at that time plaintiff's counsel of record, directed to the ALJ in which attorney Kaplan wrote, "I explained to [plaintiff] that her alleged disability onset date is too early to do her any good and before the prescribed widow's period," and that plaintiff had, therefore, "authorized

---

[1]  The Commissioner's motion for summary judgment correctly notes that there have been "numerous and unreasonable delays in the prosecution of this case . . . ."  (Def.'s MSJ (Dkt. No. 19) at 8.)  In addition to multiple informal requests for action on the part of plaintiff's counsel, the court twice was forced to issue an order to show cause forewarning plaintiff to comply with the orders of this court and proceed with the prosecution of this action or be faced with dismissal for failure to prosecute.

[2]  Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

2

1  [him] to amend her alleged onset date to 2/1/09." (Tr. at 246.)  Although plaintiff now argues that

2  she "never amended the Claim nor did she ever authorize her attorney to amended the Claim," she

3  has provided nothing that would dispute the authenticity of, or statements found in, the April 19,

4  2011 letter received from her then counsel of record.[3]

5          With respect to plaintiff's purported new evidence, a case may be remanded to the agency

6  for the consideration of new evidence if that evidence is material and good cause exists for the

7  absence of the evidence from the prior record.  See Mayes v. Massanari, 276 F.3d 453, 462 (9th

8  Cir. 2001); Sanchez v. Secretary of Health and Human Services, 812 F.2d 509, 511-12 (9th Cir.

9  1987) (citing 42 U.S.C. § 405(g)).  In order for new evidence to be "material," however, the court

10  must find that, had the agency considered this evidence, the decision might have been different.

11  See Clem v. Sullivan, 894 F.2d 328, 332 (9th Cir. 1990).  "[E]vidence is sufficiently material to

12  require a remand[ ] only where there is a reasonable possibility that the new evidence would have

13  changed the outcome of the  . . . determination . . . ."  Booz v. Sec'y of Health and Human Servs.,

14  734 F.2d 1378, 1380 (9th Cir. 1984) (internal quotation marks omitted).  Moreover, the new

15  evidence must be probative of the claimant's condition as it existed at or before the time of the

16  disability hearing.  See Sanchez 812 F.2d at 511 (citing 42 U.S.C. § 416(i)(2)(G)).

17          Here, the new evidence plaintiff seeks to have considered by the Commissioner consists

18  of two letters, dated June 29, 2011 and February 3, 2014 respectively, from Dr. Donna Cashdan,

19  D.O.  (Pl.'s Mot. Rem. (Dkt. No. 18) at 3-4.)  Despite the fact that Dr. Cashdan states that she was

20  plaintiff's "primary care physician as of February 24, 2009," (id. at 3), plaintiff's motion fails to

21  even attempt to address why good cause exists for the absence of these letters from the

22  administrative record in this case in which the administrative hearing was held on December 15,

23  2010.  See Mayes, 276 F.3d at 463 ("A claimant does not meet the good cause requirement by

24  merely obtaining a more favorable report once his or her claim has been denied."); Clem, 894

25  F.2d at 332 ("The claimant must establish good cause for not seeking the expert's opinion prior to

26  the denial of his claim.").

27

28  [3]  The court notes that attorney Kaplan frequently represents social security applicants before this
    court in actions seeking review of administrative decisions.

3

1    Nonetheless, as pointed out by the Commissioner's motion, Dr. Cashdan's June 29, 2011

2    letter was in fact considered by the Appeals Council, is part of the administrative record and

3    cannot be considered new evidence.  (Tr. at 1118.)  Moreover, Dr. Cashdan states in that letter

4    that she "can't attest to any medical information on [plaintiff] prior to her coming to [Dr.

5    Cashdan's] office in 2009," (id. at 1118), meaning that Dr. Cashdan cannot undermine the ALJ's

6    finding that plaintiff did not become disabled until February 1, 2009.  See generally Brewes v.

7    Commissioner of Social Sec. Admin., 682 F.3d 1157, 1163 (9th Cir. 2012) ("when the Appeals

8    Council considers new evidence in deciding whether to review a decision of the ALJ, that

9    evidence becomes part of the administrative record, which the district court must consider when

10   reviewing the Commissioner's final decision for substantial evidence").

11   A review of Dr. Cashdan's February 3, 2014 letter reveals no reason to believe that had

12   the Commissioner considered that letter the ALJ's decision might have been different.  In this

13   regard, Dr. Cashdan's February 3, 2014 letter merely states that she "was never contacted by

14   [plaintiff's] former Social Security attorney, Jesse Kaplan, for a medical opinion about the onset

15   of her disabilities," and that it was Dr. Cashdan's opinion that plaintiff's retroactive compensation

16   "should be back to prior to her husband's death in January, 2007."  (Pl.'s Mot. Rem. (Dkt. No.

17   18) at 4.)  However, Dr. Cashdan offers absolutely no medical support for that conclusion.  Even

18   assuming arguendo that Dr. Cashdan's assertions are true, they in no way provide any medical

19   evidence of plaintiff's condition prior to February 1, 2009, nor do they change the fact that

20   plaintiff voluntarily amended her alleged onset date to February 1, 2009.[4]

21   /////

---

[4]   According to the Commissioner's reply brief, attorney Kaplan may well have had good reason
to advise plaintiff to amend her alleged onset date from April 30, 2003, to February 1, 2009, in
addition to those offered by the medical evidence.  In this regard, the Commissioner contends that
after plaintiff's husband died, plaintiff filed an application for Lump Sum Death Benefits on
January 30, 2007.  (Def.'s Reply (Dkt. No. 21) at 4.)  "As part of that application, she indicated
that she was not disabled."  (Id.)  The Commissioner awarded plaintiff Lump Sum Death Benefits
on January 31, 2007," and plaintiff did not appeal, creating "a presumption of continuing-non-
disability . . . ."  (Id.)  The Commissioner's argument is supported by a sworn declaration from
Glenn Haas, a Title II Program Specialist for the Center for Program Support, of the Regional
Commissioner's Office of the Social Security Administration, Region IX.  (Dkt. No. 21-1.)  In
light of the analysis set forth above, however, the court need not address this issue any further.

1
                              CONCLUSION

2              For the reasons stated above, IT IS HEREBY ORDERED that:

3                     1. Plaintiff's request for voluntary remand (Dkt. No. 18) and amended request for

4     voluntary remand (Dkt. No. 20) are denied;

5                     2. Defendant's motion for summary judgment (Dkt. No. 19) is granted; and

6                     3. The decision of the Commissioner of Social Security is affirmed.

7     Dated:  February 4, 2015

8

9                                          _Dale A. Drozd_____
                                           DALE A. DROZD
                                           UNITED STATES MAGISTRATE JUDGE
10    DAD:6
      Ddad1\orders.soc sec\hamilton2277.ord.docx
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                              5